**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

MARICO M. LA FLORA,            )
                               )
            Petitioner,        )
                               )
v.                             )        Case No. 03-10230-01-WEB
                               )                  06-3248-WEB
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

<u>MEMORANDUM AND ORDER</u>

Now before the Court are the motions of Petitioner Marico LaFlora requesting transcripts of the sentencing hearing, for the appointment of counsel, and for an extension of time to file a reply. (Docs. 53, 54, 52).  The record shows Petitioner filed a motion under 28 U.S.C. § 2255.  (Doc. 48). In his section 2255 motion, Petitioner alleges the Government breached the terms of the plea agreement and his counsel was ineffective for failing to argue for a downward departure under *Blakely v. Washington*, 542 U.S. 296 (2004), the doctrine of multiplicity, and Sentencing Guideline sections 3B1.2, 3D1.1, 3D1.4, 5G1.3, 5K2.20, and 1B1.3.

Section 753(f) states:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f).

In his motion, Petitioner makes a conclusory assertion that it would be virtually impossible to reply to the government without the transcript.  The Court disagrees and denies his request for a free transcript.  First, Petitioner is not proceeding in forma pauperis as required by statute.  Id.; 28

U.S.C. § 1915.  Second, at this point in the litigation, a transcript is not necessary to decide the issues on appeal.  Both parties agree counsel did not raise these issues; consequently, the sentencing transcript would serve merely as confirmation.[1]  Furthermore, the government's brief does not cite to the sentencing hearing.  The government cites the law, arguing the claims are without merit and, as a corollary, his counsel was not ineffective for failing to advance futile arguments.  Petitioner fails to state how the material in the sentencing transcript would assist in rebutting these arguments.

Petitioner has also requested to have appointed counsel.  There is no constitutional right to have appointed counsel for a section 2255 motion.  See *Swazo v. Wyoming Dep't. of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  However, "[w]henever the...court determines that the interests of justice so require, representation may be provided for any financially eligible person who...is seeking relief under section...2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Furthermore, counsel must be appointed if discovery or an evidentiary hearing is warranted.  Rules 6(a) and 8(c) of Rules Governing Section 2255 Proceedings.

The Court denies Petitioner's request for appointed counsel.  At this point, neither an evidentiary hearing nor further discovery is needed.  Petitioner is alleging his counsel failed to raise several issues at sentencing and the government breached the plea agreement.  These issues are not factually or legally complex; furthermore, in his pro se pleadings, Petitioner has shown the ability to adequately articulate his claims.  The interests of justice do not require the appointment of counsel.

---

[1] The government does argue that counsel objected on the basis of Blakely; however, a transcript is not needed to confirm this as it is in the pre-sentence report and it is reflected in a Court order sustaining counsel's objections.  (Doc. 25).

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Petitioner's motions for transcripts and for appointed counsel (Docs. 53, 54) be DENIED.  It is further ORDERED that Petitioner's motion for an extension of time to file a reply (Doc. 52) be GRANTED.  Petitioner has 30 days from the filing of this order to reply to the government's response.

SO ORDERED this 6th  day of December, 2006.


 s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge