# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARICO M. LA FLORA | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 03-10230-01-WEB |
| | ) | 06-3248-WEB |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |
| _____ | ) | |

MEMORANDUM AND ORDER

NOW before the Court is the motion of the petitioner Marico M. La Flora to correct and / or amend sentence pursuant to 28 U.S.C. § 2255.  The court has reviewed the briefs and the file.  Because these materials conclusively show the defendant is not entitled to relief, the Court finds that no hearing on the matter is required.

*I. Background*

Defendant / petitioner was charged in a two count Indictment alleging Bank Robbery, 18 U.S.C. § 2113, and Carrying a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c).  (Doc. 1).  The case proceeded to a two day jury trial on April 21 and 22, 2004.  The jury came back with a guilty verdict for both counts.  (Doc. 20).  The defendant was sentenced on July 28, 2004.  Before sentencing, a letter was filed by Lanny Welch, Assistant United States Attorney, stating the position of the United States during the sentencing of Marico M. La Flora will be that the original guidelines calculations is appropriate because *Blakely* has no application

-1-

to the United States Sentencing Guidelines.  (Doc. 26).  Also before sentencing, the Court filed Memorandum and Order addressing the same issue.  In the Order, the Court concluded the better approach is to continue to apply the guidelines which can be applied solely from the facts determined by the jury in its verdict or otherwise admitted by the defendant. The Court concluded the *Blakely* decision applies to federal sentencing guidelines.  The Court determined the defendant's base offense was 20, and he was subject to the 2 level increase for taking property belonging to a financial institution.  The Court did not apply the 2 level increase enhancement due to physically restraining a victim in the offense, or the 2 level enhancement for victim loss between $50,000 and $250,000.  The Court sustained the defendant's objections. (Doc. 25, p. 4-5).  The Court determined the defendant's offense level is 22, and his criminal history category is II, resulting in an applicable guideline range of 46-57 months on Count 1. (Doc. 25, p. 6).  The defendant was then sentenced on July 28, 2004 to 46 months on Count 1, and 25 years on Count 2, as required by federal statute.  (Doc. 27, p. 2).  The sentence on Count 1 was consecutive to the sentence in Count 2, as required by federal statute.  (Doc. 27, p. 2; 18 U.S.C. § 924(c)).

The defendant appealed the District Court's decision to admit evidence of his prior bank robbery conviction pursuant to Rule 404(b) of the Federal Rules of Evidence.  The Tenth Circuit Court of Appeals found the district court did not err and affirmed the decision.  (Doc. 45).

On August 29, 2006 defendant filed this 28 U.S.C. § 2255 motion to correct and / or amend sentence.  The Government filed a response on September 25, 2006.  The defendant filed a reply to response on January 8, 2007.

*II.  Defendant's 2255 motion for relief:*

-2-

The defendant filed this 28 U.S.C. § 2255 motion for relief alleging the United States breached the plea agreement and ineffective assistance of counsel. The defendant alleged numerous violations regarding ineffective assistance of counsel. Specifically, the defendant alleges his counsel was ineffective by failing to argue that he was a minor participant, failure to argue a *Blakely* violation, failing to argue the defendant did not have an extensive criminal history, failed to raise the issue of multiplicity, failed to argue the firearm charge was only an enhancement, and failed to argue aberrant behavior. The defendant also raised a new issue in the reply to the Government's response alleging improper an jury instruction. The defendant's argument raised for the first time in a reply brief is waived. *United States v. Hughes,* 970 F.2d 227, 235 (7th Cir.1992), citing *Damato v. Sullivan*, 945 F.2d 982, 988 n.5 (7th Cir.1991).

Standard

A prisoner in federal custody may move the court for an order vacating, setting aside, or correcting his sentence upon the ground that his sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255.

Government Breach plea agreement

The defendant alleges the United States breached the plea agreement when the United States Attorney's Office filed charges in the District of Kansas. Defendant La Flora entered into a plea agreement with the United State Attorney's Office for the Central District of California. The defendant's exhibit 2 is incomplete, but it is clear that he was charged with at least five counts, case number CR 00-1025-NM, out of the Central District of California. The defendant

plead guilty to Count 1, Count 2, Count 4 and Count 5.  (Doc. 48, p. 7-9).  The defendant asserts

the plea agreement from the California case was effective on May 25, 2001.  (Doc. 48, p. 4).

The plea agreement from the Central District of California case clearly sets out the

parties of the agreement.  The plea agreement with the Central District of California contains the

following language:

> 1.    This  constitutes  the  plea  agreement  between  MARICO  MAURICE  LA  FLORA
>
> ("defendant") and the United States Attorney's Office for the Central District of California
>
> ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and
>
> cannot  bind  any  other  federal,  state  or  local  prosecution,  administrative  or  regulatory
>
> authority.

In considering a claim of breach of a plea agreement, the court must construe the plea agreement

according to the principles of contract law and decide whether the government violated the terms

of the agreement itself.  *United States v. Rockwell Intern. Corp.* 124 F.3d 1194, 1199 (10th Cir.

1997).  The plea agreement is analyzed based upon the defendant's reasonable understanding at

the time he entered the plea agreement.  Id.  The party who asserts a breach of the plea

agreement has the burden of proving the underlying facts that establish a breach by a

preponderance of the evidence.  *Allen v. Hadden,* 57 F.3d 1529, 1534 (10th cir. 1995).  Language

contained within the plea agreement clearly sets out the only parties to the agreement, and the

only parties bound by the agreement, are the defendant and the United States Attorney's Office

of the Central District of California.  The agreement was limited to the facts of the case before

the court in the Central District of California.  The Court fails to find any breach of the plea

agreement.

Ineffective Assistance of Counsel:

To establish an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674(1984). The first part requires the defendant to show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the 6th Amendment. Second, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial. Id. at 687.

"Judicial scrutiny of counsel's performance must be highly deferential......a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy'." *Strickland* at 694-5, citing *Michel v. Louisiana,* 350 U.S. 91, 76 S.Ct.158 (1955). The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* at 694.

### *Defendant minor participant*

The defendant argues defense counsel failed to argue that he was a minor or minimal participant under United States Sentencing Guidelines § 3B1.2. (Doc. 48, p. 10). The defendant provided a factual basis in his original petition, marked exhibit 1, which appears to be the statement of facts from the appeal record (Doc. 48, p. 6). He also provided a statement of facts in his reply. (Doc. 56, p. 6). The statement of facts in the reply matches the statement of facts provided by the Government. (Doc. 51, p. 2-7). Both sets of facts state the defendant

entered the State Bank of Colwich, located in Wichita Kansas, wearing a dark suit with pin-stripes, a white shirt and tie and asked the teller about cashing in coins.  A cell phone rang from the defendant's pocket, he reached into the pocket and pulled out a small revolver, and pointed it at the teller.  Two other individuals entered the bank, and the defendant vaulted over the counter to the teller station.  The defendant directed one teller to remove cash from the two bottom teller draws but not the top draw where the alarms were located.  The three individuals left the bank with $77,934.00.  (Doc. 56, p. 6; Doc. 51, p. 2-3).

The United States Sentencing Guidelines § 3B1.2 Mitigating Role contains language to assist in the determination of applying the adjustment.

> Substantially Less Culpable than Average Participant - This section provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant.  (U.S.S.G. § 3B1.2, n.3).

The factual basis provided by the defendant and the Government do not support defendant's argument that he was substantially less culpable than the average participant.  The defendant carried a revolver, vaulted over the counter, and ordered the teller to remove money from the lower drawers.  Defense counsel is not ineffective for failing to advance a futile argument. *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).  The defendant's argument does not meet the first standard of *Strickland.*

### *Blakely / Booker issue*

The defendant's next issue regarding ineffective assistance of counsel is based on the argument that his sentence violated his constitutional rights under *Blakely v. Washington.*  After the defendant was found guilty in a jury trial, the United States Probation Office prepared a Presentence Report.  The defendant's sentencing range under the federal sentencing guidelines

was calculated as follows:

| | |
|---|---|
| Base Offense level for the bank robbery (USSG §2B3.1) | 20 |
| Enhancement because property of a financial institution was taken (b)(1) | +2 |
| Enhancement because a victim was physically restrained in the offense(b)(4)(B) | +2 |
| Enhancement for victim loss between $50,000 and $250,000(b)(7)(c) | +2 |
| TOTAL OFFENSE LEVEL | 26 |

Before sentencing, the defendant objected to the guideline calculation based on the Supreme Court decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, (2004). Specifically, the defendant objected to the 2-level enhancement for physically restraining a victim and the 2-level enhancement for the victims's loss being between $50,000 and $250,000 because those allegations were not found by the jury. (Doc. 25, p. 2). The court concluded that based on a *Blakely* analysis, allowing the enhancements would violate the defendant's Sixth Amendment rights. The Court agreed with the defendant and removed the enhancement for physical restraint of a victim, USSG § 2B3.1(b)(4)(B), and the enhancement for victim loss between $50,000 and $250,000, USSG § 2B3.1(b)(7)(c). (Doc. 25, p. 4). The defendant was then sentenced with a base offense of 20, with the 2 level increase for taking property belonging to a financial institution. (Doc. 25, p. 5) His total offense level was 22. (Doc. 25, p. 5). The defendant's argument is without merit as he raised the objections before sentencing, and the Court sustained the objections.

While the defendant's case was on direct appeal to the Tenth Circuit Court on evidentiary issues, the United States Supreme Court issued an opinion in *United States v. Booker*, 125 S.Ct 738, 543 U.S. 220 (2005). *Booker* determined that federal guidelines are subject to jury trial requirements of the Sixth Amendment, severed provisions making the guidelines mandatory, and required a sentencing court to consider the advisory guideline range in sentencing. Therefore, a

Booker analysis is necessary.  If the Court's sentence of 46 months on Count 1 was a result of the Court applying the mandatory guidelines, the sentence is unconstitutional under *Booker*.  At the time of sentencing, the Court imposed a sentence of 46 months, and imposed an alternative sentence of 46 months in the event the guidelines as a whole are determined to be unconstitutional.  The Court determined the 46 month sentence represented a fair and just punishment for the defendant's bank robbery offense.  (Doc. 25, p. 5).

The defendant's argument that his sentence violated his constitutional rights under *Blakely* is without merit, as the defendant raised the argument before sentencing, and the district court sustained the objection and removed the enhancements before sentencing.  Under a *Booker* analysis, the defendant received a constitutional sentence as the Court considered the guidelines advisory and imposed an appropriate sentence.

### *Defendant's criminal history*

The defendant argues his counsel was ineffective when he did not argue for a more lenient sentence due to the lack of criminal history.  The Court can determine a defendant's criminal history category.  The Supreme Court determined a judge can determine a fact of prior conviction without violating a defendant's Sixth Amendment rights.  *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).  The defendant had entered into a plea agreement with the Central District of California, was found guilty, and was sentenced prior to the Indictment in this case.  (Doc. 48, p. 7-9, 11).  At the time of sentencing, he was found to have a criminal history score of two.  (Doc. 25, p. 6).  For Count 1, taking into account the defendant's criminal history score of two, and the offense level of 22, the defendant was facing 46 to 57 months in custody under the sentencing guidelines.  (Doc. 25, p. 6).  The

defendant was sentenced to 46 months in custody.  The defendant was also found guilty of Count 2, 18 U.S.C. § 924(c)(1)(C)(I), which requires, by statute, a mandatory minimum 25 year sentence consecutive to count 1.  The defendant was sentenced to the minimum as recommended by the sentencing guidelines on count 1, and the statutory minimum 25 years on count 2.

The defendant argues his counsel should have argued for a more lenient sentence under Sentencing Guidelines § 5G1.3, § 1B1.3, or 3D1.1 through 3D1.4.  The mentioned sections are not applicable to the defendant or the defendant's case and counsel's decision was within the wide range of reasonable professional assistance.  Defense counsel was not ineffective by failing to advance an argument that is without merit.

### *Multiplicity*

The defendant argues his attorney was ineffective as he did not investigate or argue issues of multiplicity.  The defendant argues that 18 U.S.C. § 924(c) is only a penalty enhancement and is multiplicitious to the underlying offense of the bank robbery, 18 U.S.C. § 2113.  This issue is not novel.  In 1984, Congress amended § 924(c) to provide for a mandatory consecutive sentence even when the underlying offense provided for an enhanced sentence for the use of a firearm.  *United States v. Lanzi*, 933 F.2d 824, 826 (10th Cir. 1991).  Further, § 924(c) creates distinct offenses rather than being merely a sentencing enhancement provision. *United States v. Abreu,* 962 F.2d 1447, 1451 (10th Cir. 1992).  *See also Simpson v. United States,* 435 U.S. 6, 10, 98 S.Ct. 909, 912, 55 L.Ed.2d 70 (1978).  18 U.S.C. § 924(c) is a crime separate from any other charged offenses, and although it has been characterized as an enhancement statute, it has been uniformly treated as a substantive offense, separate from the underlying crime.  Defense counsel is not ineffective for failing to make an argument that is not supported in

established case law.

### *Use of a handgun*

The defendant claims his counsel was ineffective for failing to argue that the firearm used was only a handgun. The statutory language contained within 18 U.S.C. § 924(c) does make a distinction between particularly dangerous types of firearms. The statutory minimum sentence for a short-barreled rifle, short-barreled shotgun, a machine gun or a destructive device, or a firearm that contains a silencer or firearm muffler is significantly more than an offense committed with a firearm that is not considered a particularly dangerous type of firearm. All other firearms are classified as a simple firearm. The statute provides for enhanced penalties for particularly dangerous types of firearms, and for subsequent convictions. Any argument advanced by defense counsel on this issue would be meritless, as the defendant received the statutory sentence, and the statutory minimum, under 18 U.S.C. § 924(c).

### *Aberrant behavior*

The defendant argues his counsel was ineffective as he failed to request an adjustment based on aberrant behavior (Doc. 48, p. 15). The statutory language is helpful.

§5K2.20  Aberrant behavior
- (a)  "... a downward departure may be warranted in an exceptional case if (1) the defendant's criminal conduct meets the requirements of subsection (b); and (2) the departure is not prohibited under subsection (c).
- (b)  Requirements - The court may depart downward under this police statement only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life.
- (c)  Prohibitions based on the presence of certain circumstances. - The court may not depart downward pursuant to this police statement if any of the following circumstances are present:

(1)     The offense involved serious bodily injury or death.

(2)     The defendant discharged a firearm or otherwise used a firearm or a dangerous weapon.

(3)     The instance offense of conviction is a serious drug trafficking offense.

(4)     The defendant has either of the following: (A) more than one criminal history point, as determined under Chapter Four (Criminal History and Criminal Livelihood) before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category); or (B) a prior federal or state felony conviction, or any other significant prior criminal behavior, regardless of whether the conviction or significant prior criminal behavior is countable under Chapter Four.

The defendant's reliance on aberrant behavior is misplaced.  The facts as presented by the petitioner and the Government show the defendant entered a bank, spoke with a teller about cashing in coins, a cell phone rang and he reached into his pocket and displayed a firearm, two other individuals then entered the bank, one with a firearm, and they worked together to remove property from the bank, and left the bank in a stolen vehicle.  (Doc. 56, p. 6).  The facts show the defendant and the other individuals were working together, which shows planning, the defendant had a criminal history of two (Doc. 48, p. 7), the defendant used a firearm, and the defendant had a prior federal felony. (Doc. 51, p. 2-5).  Under § 5K2.20, the court may not depart in cases in which a firearm was used, in which the defendant had more than one criminal history point, or in which the defendant had a prior federal felony.  Because Petitioner is not eligible for a reduction under this provision, his counsel was not ineffective for failing to advance this argument.

III.  Conclusion

Defendant's Motion to Correct and / or Amend Sentence under 28 U.S.C. § 2255 (Doc. 48) is DENIED.  Moreover, because defendant has failed to make a substantial showing of the denial of a constitutional right, it is further ordered that a Certificate of Appealability under the

provisions of 28 U.S.C. § 2253 is hereby DENIED.

IT IS SO ORDERED this 8th day of May, 2007, at Wichita Kansas.

s/Wesley E. Brown

Wesley E. Brown

U.S. Senior District Judge