IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                          Case No. 03-10230-JTM

MARICO M. LA FLORA,

    Defendant.

MEMORANDUM AND ORDER

Defendant Marico M. La Flora was convicted of both armed robbery (in violation of 18 U.S.C. § 2113), and the use or carrying a firearm in connection with the robbery (in violation of 18 U.S.C. § 924(c)(1)). The latter statute penalizes firearm use in connection with a crime of violence, which may be either a felony which "has as an element the use, attempted use, or threatened use of physical force" (18 U.S.C. § 924(c)(3)(A)), or which "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." (§ 924(c)(3)(B)).

This second, "residual clause" is similar to the residual clause in the Armed Career Criminal Act found unconstitutional as ambiguous in *Johnson v. United States*, 135 S.Ct. 2551 (2015), and some courts have held that convictions under § 924(c)'s residual clause are similarly infirm. *See, e.g., United States v. Baires-Reyes*, 2016 WL 3163049, *3-5 (N.D. Cal. June 7, 2016).

This matter is now before the court on La Flora's Motion for Appointment of Counsel, (Dkt.

59), in which he seeks an attorney to present his argument that his conviction under Count 2 was unconstitutional under *Johnson*.

However, La Flora was not convicted under the "residual clause" definition of a crime of violence under § 924(c)(3)(B), but under the more substantive "force" clause of § 924(c)(3)(A). The Indictment alleged that the crime of violence underlying Count 2 was the armed robbery charged in Count 1. (Dkt. 1, at 2). The jury was specifically instructed that armed robbery was a crime of violence for purposes of Count 2 (Dkt. 18, Instruction No. 21). This conclusion was correct and is not affected by *Johnson*. *See, e.g., United States v. McCallister*, 2016 WL 3072237, *7 (D.D.C. May 31, 2016) ("The determination that Hobbs Act robbery constitutes a crime of violence under section 924(c)(3)(A) has been announced again and again by courts addressing this issue, even after the Supreme Court's decision in *Johnson*) (citing cases). *See also United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (rejecting a *Johnson*-based challenge, and concluding "we are satisfied that bank robbery under 18 U.S.C. § 2113(a) is a 'crime of violence' within the meaning of the force clause of 18 U.S.C. § 924(c)(3)"); *United States v. Johnson*, 2016 WL 2743506, *3 (D. Nev. May 11, 2016) ("because the court finds that Hobbs Act robbery may be considered a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), the court must refrain from addressing whether the residual clause is unconstitutional under *Johnson*").

Accordingly, the defendant's core underlying argument is without merit. The defendant's conviction was affirmed on appeal (Dkt. 45), and his previous motion for appointment of counsel was denied (Dkt. 55). His motion to vacate sentence is overruled (Dkt. 60). The present motion for

appointment of counsel (Dkt. 59) is denied for the reasons stated in the court's prior order. (Dkt. 55, at 2).

    IT IS SO ORDERED this 28th day of June, 2016.

                                                                                        <u>   s/ J. Thomas Marten      </u>
                                                                                        J. THOMAS MARTEN, JUDGE