15-15IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
          Plaintiff,

      vs.                                                 No. 03-10230-JTM

MARICO LAFLORA,
          Defendant.

MEMORANDUM AND ORDER

The government has moved (Dkt. 75) to stay consideration of defendant Marico LaFlora's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(I), pending the decision in *United States v. Maumau*, 10th Cir. No. 20-4056. Submitted for argument approximately two months ago, *Maumau* would resolve the key issue underlying the government's opposition to the motion. LaFlora objects to a stay. (Dkt. 76).

In its discretion, the court finds that a stay is appropriate. First, while granting defendant's motion would substantially reduce his sentence, it would not result in an immediate release; even with a modified sentence he would remain in prison for several more months. Given the narrrow legal issue presented in *Maumau*, and the need to resolve the stark division among the district courts, there is every reason to expect the Tenth Circuit will reach a decision expeditiously.

Second, a stay is consistent with the most recent decisions in Kansas. Three weeks ago, in *United States v. Johnson*, No. 96-40082-02-SAC, 2020 WL 6146383, at *9 (D. Kan. Oct. 20, 2020), Judge Crow decided to defer ruling on a similar Seciton 924(c) stacking motion, noting the pending appeal before the Tenth Circuit on the same issue in another Kansas case, *United States v. Rucker*, No. 04-20150-JWL, 2020 WL 4365544, at *3 (D. Kan. July 30, 2020). In *Rucker*, Judge Lungstrum held that the court lacked jurisdiction under the First Step Act to modifiy a stacked sentence.[1] The undersigned also recently granted a stay in a similar case, *United States v. Avila*, No. 99-10078 (Dkt. 93).

IT IS ACCORDINGLY ORDERED this day of November, 2020, that the government's Motion for Stay (Dkt. 75) is hereby granted.

*J. Thomas Marten*
J. Thomas Marten, Judge

---

[1] In additon to *Rucker*, the Johnson court noted the "compelling analysis" in *United States v. Andrews*, 2020 WL 4812626, at *7–*10 (E.D. Pa. Aug. 19, 2020), and concluded that in light of "the new and persuasive decisions handed down" in recent months, it would either deny the motion or allow the parties to permit "staying this case until the Tenth Circuit rules on this issue either in *Rucker* or in another case before it, whichever is earlier." 2020 Wl 6143683, at *9. The court subsequently granted the parties' unopposed motion for a stay.