IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                  No. 03-10230-JTM

MARICO M. LAFLORA,
    Defendant.

MEMORANDUM AND ORDER

The defendant Marico LaFlora was convicted in 2004 of bank robbery and brandishing a firearm during commission of a robbery, and sentenced 346 months imprisonment (reflecting sentences of 46 months for the robbery and 25 years for brandishing the firearm). LaFlora has moved for a compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the court should reduce the sentence as disproportionate to the sentence which would today be handed down after the passage of the First Step Act, which altered how sentences for "stacked" 18 U.S.C. § 924(c) offenses are treated.

On November 24, 2020, the court stayed consideration of the motion pending the decision of the Tenth Circuit in *United States v. Maumau*, No. 20-4056. On April 1, 2021, the Tenth Circuit in *Maumau* determined that district courts have the power under the First Step Act to grant § 3582(c)(1)(A) motions to reduce a "stacked" § 924(c) sentence where the circumstances warrant. The following day, this court dissolved the stay (Dkt.

78), and directed the parties to address any additional issues in light of *Maumau* by April 16, 2021. Both LaFlora and the government have submitted responsive briefs.

The government's original argument (Dkt. 72, at 22-52) that the court lacks the power to grant defendant's motion is effectively resolved by the *Maumau* decision. On the issue of whether relief *should* be granted, the government notes the defendant's Kansas robbery was not his only criminal activity. Within a few months of the Kansas robbery, LaFlora participated in an armed robbery in Pismo Beach, California, and an attempted armed robbery of a bank in Atascadero, California. At the same time, the government acknowledged, it "is constrained to concede that the defendant would not be sentenced to a 25-year mandatory minimum if he were sentenced today given that the Section 924(c) conviction in Kansas did not occur after a final (prior) Section 924(c) conviction." *Id*. at 53.

The defendant received a 181-month sentence in California for the offenses there. The 346-month sentence imposed in the present action yielded a total term of 527 months for the robberies which occurred when the defendant was 19 years old. If he were sentenced today in the present action, he would receive only a 106-month sentence (46 months on the robbery and 60 months for the § 924(c) offense).

In its supplemental response, the government appropriately notes the caution articulated in Chief Judge Tymkovich's concurrence in *Maumau*, that "our holding does not give district courts carte blanche to retroactively apply in every instance the amendments to the stacking provision in 18 U.S.C. § 924(c)." 2021 WL 1217855, at *13.

"A long sentence derived from stacking cannot, by itself, be an 'extraordinary and compelling' reason for sentence reduction," and such relief can be given "only in the context of an individualized review of a movant's circumstances." *Id*.

Based upon an individual review of the defendant's circumstances, the court concludes that relief is appropriate. The defendant has exhausted his administrative remedies (Dkt. 73, at 1 n. 1), and the matter is ripe for resolution. Although the defendant participated in criminal activity in California shortly after the Kansas robbery, he was separately charged and punished for those offenses. All of the offenses occurred at the same general time and as a part of the same general pattern of conduct; all occurred before LaFlora's eventual arrest in California. As in *Maumau*, the defendant was young—19 years old—when the charged robbery occurred. The government's responses have not challenged defendant's factual claims (Dkt. 70, at 8; Dkt 70-1 Exh. A, at 6) of his substantial efforts at post-sentencing rehabilitation and minimal risk to society. Given these facts and the radically different sentence which would be imposed today, the court concludes that extraordinary and compelling circumstances exist warranting relief.

The court further concludes that a reduction of sentence to time served, to be followed by a two-year period of supervised release, is consistent with the relevant 18 U.S.C. § 3553(a) factors.[1] Now 40 years old, the defendant has been incarcerated for 20

---

[1] The defendant in his Supplemental Brief (Dkt. 80, at 11) argues for either a simple reduction to time-served without mention of supervision, or a reduction of the Count 3 sentence to 60

3

years for his actions as a teenager. This lengthy term of imprisonment appropriately addresses the nature and seriousness of his offenses, and is sufficient to provide just punishment and otherwise promote respect for the law. Such a sentence is appropriate in light of the relevant sentencing factors and the circumstances of the case set forth above.

Thus, upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a), the previously-imposed sentence is reduced to time served.

This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended.

---

months (reducing the total sentence in the present action to 106 months). However, het acknowledges in his original motion that "the Court is not faced with a stark choice between simply turning LaFlora loose, or continuing his incarceration," but "has the option of reducing LaFlora's period of incarceration, followed by a term of supervised released." (Dkt. 70, at 40).

Except upon prior approval by the United States Probation Office, the defendant upon release shall reside at the address identified in his Motion for Release (Dkt. 70, at 40).

The defendant's previously imposed conditions of supervised release (Dkt. 27, at 3-4) are unchanged, except that the term of supervision is reduced from three years to two.

IT IS SO ORDERED this day of April, 2021, that the defendant's Motion for Compassionate Release (Dkt. 70) is granted such that the sentence imposed is hereby reduced to time-served, followed by two years of supervised release.

*J. Thomas Marten*
J. Thomas Marten, Judge